**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LETICIA RASCON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **A-05-CA-1072 LY** |
| | § | |
| **AUSTIN I.S.D., AUSTIN I.S.D.** | § | |
| **BOARD OF TRUSTEES MEMBERS,** | § | |
| **DOYLE VALDEZ, AVE WAHRMUND,** | § | |
| **PATRICIA WHITESIDE, CHERYL** | § | |
| **BRADLEY, RUDY MONTOYA, JR.,** | § | |
| **JOHN H.  EDWARDS, MARK** | § | |
| **WILLIAMS, ROBERT SCHNEIDER,** | § | |
| **AND JOHN J.  FITZPATRICK in their** | § | |
| **Individual and Official Capacities, and** | § | |
| **KAREN RILLING in her Individual and** | § | |
| **Official Capacity as Principal of Covington** | § | |
| **Middle School,** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Partial Motion to Dismiss filed on March 23, 2006 (Clerk's Docket No. 5);  Plaintiffs' Response filed on April 3, 2006 (Clerk's Docket No. 6);  and Defendant's Amended Reply to Plaintiff's Response filed on May 1, 2006 (Clerk's Docket No. 9).

Also before the Court is Plaintiff's Motion for Leave to File Citation to Additional Authorities filed June 20, 2006 (Clerk's Doc.  No. 14).  Having considered the Motion, the Court GRANTS Plaintiff's Motion for Leave to File Citation to Additional Authorities (Clerk's Doc.  No. 14) and considers Plaintiff's Citation to Additional Authorities in this Report and Recommendation. Additionally, counsel in this case requested oral argument, but after considering the Motion,

Response, and Reply, the Magistrate Court finds a hearing unnecessary and resolves the issues on the pleadings before it.

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

Plaintiff, Leticia Rascon ("Plaintiff") filed suit against her former employer Austin Independent School District ("AISD"), the AISD Board of Trustees, and the principal of Covington Middle School, Karon Rilling ("Rilling") on December 28, 2005.  Plaintiff alleges her rights were violated when she was retaliated against in violation of Title VII of the Civil Rights Act of 1964, and makes state law claims for breach of contract, fraud, fraudulent inducement, and tortious interference with prospective contractual relations.

Plaintiff was initially hired as an Assistant Principal by AISD in August 1995.  *See* Complaint at ¶ 9.  In July of 1996, Plaintiff and AISD entered a three-year employment contract. Plaintiff continued to work for AISD under a succession of contracts and her final three-year contract was executed in May of 2003.  *Id.* at ¶ 10.  In August of 2003, Plaintiff began a new assignment as assistant principal of Covington Middle School where her supervisor was Rilling. *Id.* at ¶ 11. Plaintiff alleges she was harassed by Rilling.  In September of 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission Civil Rights Division alleging discrimination and retaliation based upon age, sex, and national origin.  *Id.* at ¶ 12.  After filing her Charge, Plaintiff alleges she was subjected to further

harassment by Rilling and ultimately informed AISD that she was being forced to resign because of the continued harassment and AISD's failure to transfer her or otherwise act.  *Id.* at ¶¶ 13-14.

Ultimately, Plaintiff and AISD entered into an agreement to settle her discrimination and retaliation claims.  This contract, drafted by AISD's attorneys, provided that Plaintiff would give up all her claims against AISD, resign, and relinquish the remaining term of her employment contract. *Id.* at ¶ 14.  In return, AISD agreed to void a 2002-2003 performance appraisal of Plaintiff completed by Rilling, and agreed that Rilling would not be allowed to provide employment reference information regarding Plaintiff with any of Plaintiff's future prospective employers.  AISD agreed that all employment reference information would be provided solely by Frances Bush or Dr. Glenn Nolley.  *Id.*

Plaintiff alleges that in August of 2004, AISD breached its agreement with her when Rilling provided negative employment reference information to a prospective employer of Plaintiff.  *Id.* at ¶ 15.  Plaintiff was not offered the position.  Plaintiff alleges that these actions were in retaliation for her former Charge of Discrimination.  Plaintiff also alleges that Defendants fraudulently induced her to enter into the settlement agreement.

In September 2004, Plaintiff filed a second Charge with the EEOC based upon AISD's alleged retaliatory actions toward her both before and after the settlement agreement was entered into by the parties.  On August 3, 2005, the EEOC issued a determination of cause finding that AISD had retaliated against Plaintiff and violated its agreement with her.  *Id.* at ¶ 16.  Plaintiff was issued a Right to Sue letter and filed suit within 90 days of receipt of that letter. *Id.* at ¶ 17.

Defendants AISD and the AISD Board of Trustees ("Defendants")[1] now move to dismiss part of Plaintiff's claims alleging that Plaintiff's Title VII claims against the individual Defendants are barred, Plaintiff's state law tort claims are subject to dismissal, and that Plaintiff's state law breach of contract claim should be dismissed.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists.  *See Rodriguez v. Texas Commission on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take the facts as true and resolve inferences and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true the well-leaded factual allegations in the

---

[1]Defendant Karon Rilling is represented by different counsel, and is not a movant with regard to the instant Motion to Dismiss.

complaint.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff.  *Id.*  A dismissal under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Thus, the central question before the Court is whether the plaintiff's complaint states any valid claim for relief.

### III.  ANALYSIS

### A.    Plaintiff's Title VII Claims Against the Individual Defendants

Plaintiff has asserted Title VII claims against AISD, the AISD Board of Trustees in their Individual and Official Capacities.  Defendants assert that all claims filed against the Defendants in their individual capacity should be dismissed.  A Title VII plaintiff cannot recover against public employees or agents in their individual capacities. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) (citing *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir. 1990)).  Plaintiff concedes this proposition.  *See* Plaintiff's Response at p. 2.  Accordingly, any Title VII claims against the Board members in their individual capacities should be dismissed.

Additionally, filing suit against the members of the AISD Board of Trustees in their official capacities would be redundant as Plaintiff is suing AISD and AISD would bear responsibility for the liability of the individually-named defendants through Title VII's incorporation of the principle of respondeat superior. *Grant*, 21 F.3d at 652.  Plaintiff concedes this additional point.  Accordingly, the Court finds that Plaintiff's Title VII claims against the AISD Board members in their official capacities, as well as their individual capacities should be dismissed.

**B.      Plaintiff's State Law Tort Claims**

Defendants next assert that Plaintiff's state law tort claims of fraud, fraudulent inducement, and tortious interference with prospective contractual relationships should be dismissed as Defendants are protected from suit under the doctrine of sovereign immunity and this Court lacks jurisdiction to hear these claims.

Texas law grants school districts[2] immunity from all tort claims, except those involving the use or operation of motor vehicles.  An independent school district enjoys sovereign immunity from suit unless it has expressly given its consent to be sued. *McCall v. Dallas Ind. Sch. Dist.*, 169 F.Supp.2d 627, 639 (N.D. Tex. 2001) (citation omitted).  While the Texas Tort Claims Act provides a limited waiver of sovereign immunity in some cases, the Act provides that it does not apply to school districts, unless the tort involves a motor vehicle: "[e]xcept as to motor vehicles, this chapter does not apply to a school district or to a junior college district." TEX. CIV. PRAC. & REM. CODE ANN. § 101.051 (Vernon 1997 & Supp.2004); *see Jones v. Houston Ind. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). Because Plaintiff does not allege a tort involving motor vehicles, Plaintiff has no claim against AISD, for which immunity is waived by the Tort Claims Act.  Since none of Plaintiff's tort claims against AISD fall within the exception to the rule of immunity, they should be dismissed. *See Hill v. Fort Bend Ind. Sch. Dist.*, 275 F.3d 42 (5th Cir. 2001) (per curiam) (dismissing teacher's state law tort claims of slander and defamation as outside the motor vehicle waiver of immunity); *Brown v. Houston Ind. Sch. Dist.*, 763 F.Supp. 905, 908 (S.D. Tex. 1991) (dismissing teacher's state

---

[2] "[A]n independent school district is more like a city or county than it is like an arm of the State of Texas . . . ." *San Antonio Ind. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 284 (Tex. 1996). Thus, the Court does not apply an Eleventh Amendment framework in analyzing an independent school district's immunity from suit in federal court.

law tort claims of intentional infliction of emotional distress, wrongful discharge, and defamation as outside the exceptions to immunity in the Texas Tort Claims Act).

Defendants also assert that Plaintiff's tort claims against the individual Defendants in their official capacities should be dismissed. The members of the AISD Board of Trustees, to the extent they are sued in their official capacities, enjoy the same immunity to which the district is entitled. A suit brought against an individual in his or her official capacity is a suit against the government entity that employs the official. *Jackson v. Dallas Ind. Sch. Dist.*, 1998 WL 386158, at *4 (N.D. Tex. July 2, 1998) (citation omitted). AISD's immunity thus extends to all the members of the AISD Board of Trustees in their official capacities, and Plaintiff's state law tort claims against these defendants in their official capacities should likewise be dismissed. *See id.* (dismissing state law tort claims against school officials in their official capacity because the school district's immunity extends to them).

Defendants next assert that Plaintiff's tort claims brought against the individual Defendants in their individual capacities should be dismissed because the individual Defendants are entitled to statutory professional immunity from those claims. The Texas Education Code provides that:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of duties of the employee's position of employment and that involves the exercise of judgment or discretion by the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511(a) (Vernon 1999). The definition of "professional employee" includes "a member of the board of trustees of an independent school district." TEX. EDUC. CODE

ANN. § 22.051(a)(5). Thus the Court finds that the individual Defendants are entitled to professional immunity and all state tort claims brought against them in their individual capacities fail.[3]

### C.      Plaintiff's Breach of Contract Claim

Defendants' last argument is that Plaintiff's breach of contract claim should be dismissed as she was required to exhaust administrative remedies with the Board of Trustees and the Commissioner of Education prior to filing this suit.  Plaintiff responds that she was not required to exhaust her administrative remedies because her claim falls within exceptions to this requirement.

First, the Court addresses Defendants' argument that Plaintiff's state law breach of contract claim should be dismissed as to the individual Defendants in their official capacities because the claim is redundant.  The Court agrees.  It is well established that suits against a municipal officer in their official capacity are indistinguishable from suits against the municipality. *See Hafer v. Melo*, 502 U.S. 21 (1991) ("A suit against a state official in her official capacity therefore should be treated as a suit against the State.").  An official capacity suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55 (1978)).  Plaintiff's contract claim against the AISD Board of Trustees in their individual capacities is redundant and unnecessary because any disputed issues that must be resolved in conjunction with the official capacity claim are the same as those requiring resolution in the claims against the school district. *See Doe v. Douglas County School District Re-1*, 775 F.Supp. 1414, 1416-17 (D. Colo.1991) (holding the elements of proof are identical between plaintiff's official capacity claim and plaintiff's

---

[3]It is noteworthy that Plaintiff has not responded to these arguments and thereby appears to have conceded them.

claim against the school district).  Accordingly, Defendants' motion to dismiss the state law breach of contract claim brought against them in their official capacity should be granted.

Next, the Court addresses Defendants' argument that this Court does not have jurisdiction over Plaintiff's contract claim because she failed to exhaust administrative remedies as required by state law.  *See Jones v. Dallas Indep. School Dist.*, 872 S.W.2d 294, 295-96 (Tex. App. — Dallas 1994, writ denied).  Texas law requires an aggrieved party to exhaust administrative remedies if the subject matter concerns administration of school laws or the written provisions of an employment contract.  *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90-91 (Tex.1992); *see also* TEX. EDUC. CODE ANN. § 7.057 (Vernon 1996 & Supp.2004).  Section § 7.057 provides:

> (a)    Except as provided by Subsection (e), a person may appeal in writing to the commissioner if the person is aggrieved by:
>
> (1) the school laws of this state; or
>
> (2) actions or decisions of any school district board of trustees that violate:
>
>> (A)    the school laws of this state; or
>>
>> (B)    a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.

However, there are exceptions to this general rule.  *Dotson v. Grand Prarie Indep. School Dist.*, 161 S.W.3d 289, 291-92 (Tex. App. – Dallas 2005, n.p.h.).  Exhaustion of administrative remedies is not necessary if: (1) the aggrieved party will suffer irreparable harm and the administrative agency is unable to provide relief; (2) the claims are for a violation of a constitutional or federal statutory right; (3) the cause of action involves pure questions of law and the facts are not disputed; (4) the

Commissioner of Education lacks jurisdiction over the claims; (5) the administrative agency acts without authority; or (6) the claims involve parties acting outside the scope of their employment with the school district. *Id.*

Plaintiff asserts that her claim is one involving Title VII, and thus she fits within the second exception identified in *Dotson*. In support, she states that she is not asserting a claim for a breach of an employment contract, but rather for a breach of a settlement agreement negotiated between the parties as a result of her previous Title VII claims for discrimination. Plaintiff asserts that this claim is more akin to one for violation of a constitutional or federal statutory right than for breach of an employment agreement. While the Court agrees that Plaintiff's claim is not for breach of an employment contract, the mere fact that the settlement agreement settled a Title VII claim does not mean that Plaintiff's claim is one being made under federal statutory law. Indeed, the claim at issue is a breach of contract claim, which is a claim under the common law of the State of Texas. Thus, the Court concludes that Plaintiffs is not making a claim under a federal statute.

Plaintiff also asserts that no applicable administrative process requires exhaustion and the Commissioner of Education is without jurisdiction over her claim because it is a contract claim that does not involve a contract for employment. Plaintiff cites to various cases in support of her assertion. *Service Employment Redevelopment v. Fort Worth Independent School Dist.*, 163 S.W.3d 142, 147 (Tex. App. – Fort Worth 2005, pet. filed) (vendor of disciplinary alternative education program was not required to exhaust administrative remedies before bringing breach of contract action in court against school district alleging that district violated statute, incorporated into contract, as provider's contract claims did not arise under the school laws of Texas but under general contract law, and provider's claims ultimately relied upon the interpretation of statute, which was a question

10

of law); *Spring Branch ISD v. Metalab Equip. Co.*, 381 S.W.2d 48, 48 (Tex. 1964) (holding that suit by a corporation against an independent school district for breach of contract to buy laboratory equipment was not required to exhaust administrative remedies because it is a third-party vendor suing for a debt on a breach of contract claim); *New Caney ISD v. Burnham AutoCountry, Inc.*, 30 S.W.3d 534, 537 (Tex. App. – Texarkana 2000, pet. denied) (holding that a breach of contract action against a public school district by a vendor that successfully bid on a contract to furnish vehicles to the district did not relate to the administration of school laws, and thus was not subject to the exhaustion of remedies requirement).

Defendants respond that regardless of Plaintiff's relationship to AISD, as a former employee, she is required to exhaust administrative remedies with the AISD Board of Trustees and the Texas Commissioner of Education. Defendants cite to various cases in support. *Wilmer-Hutchins Ind. Sch. Dist. v. Sullivan,* 51 S.W.3d 293 (Tex. 2001) (former at-will custodian required to exhaust administrative remedies); *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 295-96 (Tex. App. – Dallas 1994, writ denied); *Janek v. Lamar Consol. Indep. School Dist.*, 961 S.W.2d 322, 323 (Tex. App. – Houston [1st Dist.] 1997, writ denied). These cases, however, are not terribly helpful, because they do not involve the situation here, where the plaintiff is suing to enforce a contract that is not an employment contract, and indeed, was entered into when the plaintiff was no longer an employee of the school district. This suit is more akin to one by a vendor (where no exhaustion is required) than one by an employee suing to enforce an employment contract (where exhaustion is required).

Defendants argue that courts have required exhaustion even when the breach involved a settlement agreement, as here. In support, Defendants cite to *In re Mabank School Dist.*, 165 S.W.3d

808, 810-11 (Tex.  App. – Tyler 2005, no pet. h.) and *Escajeda v.  Cigna Ins. Co.*, 934 S.W.2d 402,

405 (Tex.  App. – Amarillo 1996, no writ).   Both of these cases, however, are distinguishable.

*Mabank* involved a claim which was settled with an agreement providing that the school district

would allow the subject children to transfer schools and allow any requested future transfer.   The

parents subsequently requested a transfer, and inconsistent with the agreement, the transfer was

denied.   When suit was filed to enforce the agreement, the school district argued that the legislature

had granted the trustees of an independent school district exclusive jurisdiction to resolve transfer

issues, that student transfer requests arose under the school laws of Texas, and therefore, the parties

must exhaust all administrative remedies before resorting to the courts for relief.   Citing to the Civil

Practice and Remedies Code, the parents argued that because their lawsuit involved the breach of

a settlement agreement, the district court had jurisdiction over this matter just as it would over any

other contract dispute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a) (Vernon 1997) (written

settlement agreement enforceable in same manner as any other written contract).   Reviewing the

concepts of exclusive and primary jurisdiction, the appellate court stated that:

> We see nothing in the statute relating to student transfers . . . that delegates to the
> Board jurisdiction to resolve a contractual dispute such as the one alleged here.  Thus,
> the district court has jurisdiction over this matter just as it would over any other
> contract dispute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a).   However,
> the necessary facts underlying the [parents']  breach of contract claim raise an issue
> that falls within the Board's exclusive jurisdiction, *i.e.*, the disposition of [the]
> transfer request. . . . Consequently, the parents must first exhaust their administrative
> remedies and obtain a final Board decision on their transfer request.

*In re Mabank*, 165 S.W.3d at 813-14.  The most significant difference between *Mabank* and this case

is that the children in that case were still students of the school district, and still had to make a

transfer request in the required method, which the Court of Appeals found included presenting the

claim to the board of trustees. Notably, the *Mabank* court agreed that the board had no jurisdiction to resolve the breach of contract claim. Thus, all the court concluded was that no breach of the settlement agreement had taken place until the board had acted finally on the transfer request. In this case, unlike *Mabank*, Plaintiff is not a person acting in a capacity – such as student, teacher, or administrator – over which the Board has jurisdiction.

The other case cited by Defendants is also inapposite. *Escajeda v. Cigna Ins. Co*, 934 S.W.2d 402, 405 (Tex. App. – Amarillo 1996, no writ), involved a claim for breach of a workers' compensation settlement agreement requiring payment of future medical expenses. It does not involve school law issues. While the court found that the exclusive means of recovery for plaintiff's claim for loss of benefits required exhaustion of administrative remedies, it also concluded that plaintiff's claims for damages unrelated to lost compensation benefits did not require any exhaustion. This case is simply not applicable, because Defendants cannot cite to any statute (like the Workers Compensation Act) that vests in either the board of trustees or the Commissioner of Education the exclusive jurisdiction over disputes involving a settlement agreement with a school district. Further, the case stands for the proposition that, lacking such a statute, no exhaustion of remedies is required to pursue a claim for breach of the settlement agreement.

In the instant case, Defendants have failed to establish that Plaintiff's breach of contract claim regarding a contract signed while she was not an employee of AISD and not involving "the school laws of the state" is within the agency's jurisdiction. The settlement agreement was entered into after Plaintiff had terminated her employment with AISD, and to settle Title VII claims. In fact, it is interesting to note that AISD argues in its Reply that the settlement agreement did not sufficiently involve Title VII as to fall within the exhaustion exception for claims involving a federal

13

statutory right, while at the same time it claims that the settlement agreement *was* sufficiently related to Plaintiff's employment with AISD as to "involve the school laws of Texas." The truth is that breach of the settlement agreement involves neither Title VII nor the school laws of the State of Texas. It is a simple claim for breach of contract, over which the AISD Board of Trustees has no jurisdiction, and Plaintiff was not required to exhaust administrative remedies before filing this suit.

Based upon the foregoing, the only causes of action which will remain in this case – assuming the District Court adopts this Report and Recommendation – are: (1) Plaintiff's Title VII claim against AISD; (2) Plaintiff's breach of contract claim against AISD; and (3) Plaintiff's tortious interference claim against Defendant Karon Rilling.

## IV.  RECOMMENDATION

In summary, the Court RECOMMENDS that  Defendants' Partial Motion to Dismiss filed on March 23, 2006 (Clerk's Docket No. 5) be GRANTED IN PART and DENIED IN PART. The Court RECOMMENDS that the motion be GRANTED as to the following claims, which should be dismissed with prejudice: (1) Plaintiff's Title VII claims against the Board members in their individual and official capacities; and (2) Plaintiff's tort claims against all Defendants except Karon Rilling. The Court further RECOMMENDS that the motion to dismiss Plaintiff's breach of contract claim should be granted as to the individual Defendants in their official capacities because such claim is redundant. Finally, the Court RECOMMENDS that the motion to dismiss Plaintiff's breach of contract claim for lack of jurisdiction should be DENIED, and that Plaintiff be permitted to proceed with this claim against AISD.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of July, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE